JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUMGIO TECHNOLOGY, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LA CARBONELLA WHOLESALE, a California corporation; M. MUTAZ AL AYOUN ALDABBAGH, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 8:22-cv-01469-JWH-ADS<br><br>**JUDGMENT** |

Pursuant to the "Order Regarding Plaintiff's Motion for Default Judgment [ECF No. 23]" entered substantially contemporaneously herewith, and in accordance with Rule 55 and 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331.

2. Fictitiously named Defendants Does 1-10 are **DISMISSED**.

3. Defendant M. Mutaz Al Ayoun Aldabbagh is **DISMISSED**.

4. Plaintiff Flumgio Technology, Inc. ("Flumgio") shall have **JUDGMENT** in its **FAVOR**, and **AGAINST** Defendant La Carbonella Wholesale ("La Carbonella Wholesale") in the total amount of **$21,575.92**, calculated as follows:

   a. damages in the amount of $17,500.00;

   b. prejudgment interest from September 24, 2022, to February 20, 2024, at a rate of 6% *per annum* ($2.88 per day), for a total of $1,480.32;

   c. attorneys' fees in the amount of $1,650.00; and

   d. litigation costs in the amount of $945.60.

5. La Carbonella Wholesale is **ENJOINED** from further use of Flumgio's "FLUM" mark, including La Carbonella Wholesale's infringing "NENO FLUM" marks, as follows:

   a. Flumgio is the owner of all rights in and to trademark registration for the "FLUM" mark (the "Trademark") in connection with the sale of flavored electronic cigarette liquid products.

   b. La Carbonella Wholesale is using a mark—the infringing "NENO FLUM" mark—confusingly similar to Flumgio's Trademark, in connection with the importation, manufacture, distribution, sale, and

offer for sale of flavored electronic cigarette liquid products (the "Infringing Products").

  c. La Carbonella Wholesale has intentionally and falsely advertised its Infringing Products, which consist of electronic cigarette liquid products with infringing "NENO FLUM" marks, in interstate commerce, which actually deceived or had the tendency to deceive the public, thereby injuring Flumgio.

  d. La Carbonella Wholesale and its agents, servants, employees, and all persons in active concert and participation with them who receive actual notice of this injunction are hereby **RESTRAINED** and **ENJOINED** from infringing Flumgio's Trademark, either directly or contributorily, in any manner, including generally, but not limited to, manufacturing, reproducing, importing, advertising, selling, or offering for sale any product that features any of the infringing "NENO FLUM" marks, and, specifically:

    i. importing, manufacturing, distributing, advertising, selling, or offering for sale the Infringing Product or any other unauthorized products that picture, reproduce, copy, or use the likenesses of or bear a substantial similarity to Flumgio's Trademark, including by way of the infringing "NENO FLUM" mark;

    ii. importing, manufacturing, reproducing, distributing, advertising, selling, or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging, or containers that picture, reproduce, copy, or use the likenesses of or bear a confusing similarity to Flumgio's Trademark;

    iii. engaging in any conduct that tends falsely to represent that, or that is likely to confuse, mislead, or deceive purchasers, La

Carbonella Wholesale's customers, or members of the public to believe that, the actions of La Carbonella Wholesale, the Infringing Products, and related merchandise manufactured, sold, or offered for sale by La Carbonella Wholesale, or La Carbonella Wholesale itself is connected with Flumgio, are sponsored, approved, or licensed by Flumgio, or are affiliated with Flumgio;

   iv. affixing, applying, annexing, or using in connection with the importation, manufacture, distribution, advertising, sale, or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending falsely to describe or represent such goods as being those of Flumgio;

   v. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Product or any books or records that may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products that infringe Flumgio's Trademark;

   vi. aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon Flumgio's Trademark; and

   vii. engaging in any of the aforesaid prohibited activities over the Internet.

  e. Any third-party merchant in privity with La Carbonella Wholesale with actual notice of this Judgment shall, within two (2) business days of their receipt of this Judgment, terminate any business relationship with La Carbonella Wholesale related to the Infringing Products, including accounts used by La Carbonella Wholesale or related to La Carbonella Wholesale that offer or sell counterfeit or infringing

goods using Flumgio's Trademark; forfeit any Infringing Products; and provide to Flumgio all identifying and contact information for such accounts, all sales history, and all associated financial information, as well as all addresses used for the return of product by such accounts.

6. To the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 20, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE